# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Shiloh Maier
388 East Gardner Street
Sparta, MI 49345

## DEFENDANTS
Law Office of Mary Jane M. Elliott, P.C.
24300 Karim Blvd.
Novi, MI 48375

**(b)** County of Residence of First Listed Plaintiff  Kent County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Oakland
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark Small, Esq.
656 W. Frank St.
Birmingham, MI 48009
(248) 376-3110

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
15 U.S.C. § 1692, et seq

Brief description of cause:
Unlawful Debt Collection Practices

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** TBD
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 07/09/2015
SIGNATURE OF ATTORNEY OF RECORD: *[signature]* (P26996)

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SHILOH MAIER,

    Plaintiff,

vs.

LAW OFFICE OF MARY JANE M. ELLIOT, P.C.,

    Defendant

Case No.: 2:15-cv-12423

CIVIL COMPLAINT

AND

JURY TRIAL DEMAND

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Shiloh Maier, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the Defendant, Law Office of Mary Jane M. Elliot, P.C. (hereinafter "Defendant") as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and violations of the Electronic Funds Transfer Act (hereinafter "EFTA") 15 U.S.C. § 1693, *et seq.*, which governs proper protocol for the transfer of electronic funds.

### JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692 and 15 U.S.C. §1693, *et seq.*

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff, Shiloh Maier, is a natural person, who at all relevant times has resided in the city of Sparta, Kent County, State of Michigan, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is incorporated and doing business in the State of Michigan, with its corporate mailing address as 24300 Karim Boulevard, Novi, MI 48375, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

6. At all times relevant to this litigation, Defendant Law Offices of Mary Jane Elliot, P.C. (hereinafter "MJE" or "Defendant") sought collection of a consumer debt from Plaintiff Shiloh Maier (hereinafter "Maier" or "Plaintiff"). The consumer debt collection was sought on, and stemmed from, a Synchrony Bank credit card (hereinafter the "subject account"), which was used primarily for household and personal purposes.

7. In early November of 2014, Maier agreed to make a payment of $40.00 on the subject account. This agreement was made during the course of a telephone conversation and the means of payment was to be an electronic funds transfer from Maier's checking account electronically administered by MJE; pertinent details of the asset bearing account were provided to MJE during the same call. The agreement provided that the funds were to be automatically transferred from Maier's account on November 18, 2014.

8. The agreement allowing for MJE to electronically transfer funds from her asset bearing checking account, to an account specified by MJE, was NOT reduced to a writing duly executed by Maier. The only authorization MJE had was Maier's oral authorization over the telephone.

9.  November 18, 2014 came and passed without MJE initiating the electronic transfer of funds as agreed upon. In fact, MJE did not request the electronic transfer of funds until months later, on January 13, 2015. The fact that the electronic transfer request was requested on the 13th of January 2015 has been independently verified by the Assistant Vice President for Independent Bank (Maier's banking institution), Bridget Murphy.

10. The electronic transfer of these funds on an unauthorized date has caused much hardship to Maier in the form of fees and penalties incurred by her as a result on there being insufficient funds in the asset bearing account at the time of the unauthorized transfer.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. §1692(e)(8)

11. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 11 above and incorporates them as if set forth specifically herein.

12. At all times relevant to this litigation, Defendant Law Offices of Mary Jane Elliot, P.C. (hereinafter "MJE" or "Defendant") sought collection of a consumer debt from Plaintiff Shiloh Maier (hereinafter "Maier" or "Plaintiff"). The consumer debt collection was sought on, and stemmed from, a Synchrony Bank credit card (hereinafter the "subject account"), which was used primarily for household and personal purposes.

13. In early November of 2014, Maier agreed to make a payment of $40.00 on the subject account. This agreement was made during the course of a telephone conversation and the means of payment was to be an electronic funds transfer from Maier's checking account electronically administered by MJE; pertinent details of the asset bearing account were provided to MJE during the same call. The agreement provided that the funds were to be automatically transfer from Maier's account on November 18, 2014.

14. The agreement allowing for MJE to electronically transfer funds from her asset bearing checking account, to an account specified by MJE, was NOT reduced to a writing to be duly executed by Maier. The only authorization MJE had was Maier's oral authorization over the telephone.

15. November 18, 2014 came and passed without MJE initiating the electronic transfer of funds as agreed upon. In fact, MJE did not request the electronic transfer of funds until months later, on January 13, 2015. The fact that the electronic transfer request was requested on the 13th of January 2015 has been independently verified by the Assistant Vice President for Independent Bank (Maier's banking institution), Bridget Murphy.

16. The electronic transfer of these funds on an unauthorized date has caused much hardship to Maier in the form of fees and penalties incurred by her as a result of there being insufficient funds in the asset bearing account at the time of the unauthorized transfer.

17. Defendant's actions and inactions are in direct contravention of 15 U.S.C. §1692(e) Pre-face, 15 U.S.C. §1692(e)(10), 15 U.S.C. §1692(f) Pre-face.

### COUNT II
### VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT
### 15 U.S.C. § 1693, *et seq.*

18. Plaintiff repeats the allegations set forth in paragraphs 1 through 17 and incorporates same as if set forth at length herein.

19. In early November of 2014, Maier agreed to make a payment of $40.00 on the subject account. This agreement was made during the course of a telephone conversation and the means of payment was to be an electronic funds transfer from Maier's checking account electronically administered by MJE; pertinent details of the asset bearing account were provided to MJE during

the same call. The agreement provided that the funds were to be automatically transfer from Maier's account on November 18, 2014.

20. The agreement allowing for MJE to electronically transfer funds from her asset bearing checking account, to an account specified by MJE, was NOT reduced to a writing to be duly executed by Maier. The only authorization MJE had was Maier's oral authorization over the telephone.

21. November 18, 2014 came and passed without MJE initiating the electronic transfer of funds as agreed upon. In fact, MJE did not request the electronic transfer of funds until months later, on January 13, 2015. The fact that the electronic transfer request was requested on the 13th of January 2015 has been independently verified by the Assistant Vice President for Independent Bank (Maier's banking institution), Bridget Murphy.

22. The electronic transfer of these funds on an unauthorized date caused much hardship on Maier in the form of fees and penalties incurred by her as a result of there being insufficient funds in the asset bearing account at the time of the unauthorized transfer.

23. Defendant's actions and inactions are in direct contravention of 15 U.S.C. §1693(e), which requires preauthorized electronic funds transfers to be authorized only in a writing executed by the consumer.

24. As a direct result of Defendant's actions, Plaintiff has been damaged.

## JURY TRIAL DEMAND

23. Plaintiff demands a trial by jury on all issues so triable.

# RELIEF

WHEREFORE, Plaintiff, Shiloh Maier, requests that this Court grant the following relief against the Defendant and on behalf of Plaintiff:

a. That an order be entered declaring the Defendant's actions in this matter, to be in violation of the FDCPA and the EFTA;

b. That judgment be entered against the Defendant for actual damages

c. That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

d. That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1693(m)(a)(2)(A).

e. That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k (a)(3):

f. That the Court grant such other and further relief as may be just and proper.

Dated this 9th day of July, 2015

Respectfully Submitted,

s/ [signature]
Attorney for Plaintiff
Mark Small, Esq. (P26976)
656 W. Frank St.
Birmingham, MI 48009
(248) 376-3110

Of Counsel for the Firm:
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Telephone: 201-461-0059
David@lupoloverlaw.com